IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| RODOLFO ORTEGA, JR., PRO SE, § | |
| TDCJ-CID No. 1522268, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:14-CV-0082 |
| § | |
| BRAD LIVINGSTON, JASON HEATON, § | |
| BARRY L. MARTIN, NORVEL ARNOLD, § | |
| KENDALL T. RICHERSON, § | |
| KEITH K. JANUARY, and § | |
| GARY L. MESSER, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**

Plaintiff RODOLFO ORTEGA, JR., acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains of frequent cancellation of outdoor recreation due to staff shortages at the Dalhart Unit, saying it violates prison regulations. Plaintiff attaches to his complaint multiple grievances filed by himself and many other inmates on this issue.

Plaintiff also complains the cancellation of outdoor recreation interferes with his physical therapy of calisthenics, aerobics, and yoga which he needs to do on a daily basis to ease his back pain. Plaintiff says he is taking his medications and gives himself heat treatments, but needs to perform physical therapy as well. Plaintiff says that when outside recreation is cancelled, he is not allowed to exercise in the dayroom and is instructed by the guards that he can exercise in his cell at any time. Plaintiff complains he cannot exercise in his cell because he is double-celled and

exercise in such a confined space causes conflict with his cellmate. Plaintiff says he has never been allowed to exercise in the gymnasium whenever the outdoor temperature is cold.

Plaintiff says requests for a medical pass requiring him to be single celled or be allowed to exercise in the dayroom have been denied by medical staff and his request to be single-celled, directed to Chief of Classification defendant MESSER, was ignored.

Plaintiff says he is in fear for his physical safety and that his confinement causes him extreme stress and daily tension which results in physical deterioration. Plaintiff states lack of exercise and prolonged stress can cause permanent damage, both physical and mental.

Plaintiff requests unspecified declaratory and injunctive relief, and suggests that inmates be allowed to exercise in the dayroom whenever recreation is cancelled and that inmates be allowed to exercise in the gymnasium whenever the temperatures outside drop below 50 degrees. Plaintiff also suggests that he be given a pass to exercise in the dayroom at any time, since his chronic back pains are not timed around outside recreation schedules or single-cell housing schedules. He also suggests he be transferred to a facility that can provide the alternatives he has suggested.

In addition, plaintiff requests an award of nominal, compensatory, and punitive damages in unspecified amounts.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Defendants LIVINGSTON, HEATON, and MARTIN**

Plaintiff states he is suing defendants LIVINGSTON, the Executive Director of TDCJ, HEATON, Region V Director, and MARTIN, former Senior Warden at the Dalhart Unit, because they "continuously failed to comply with their own rec[reation] policy rules."  Plaintiff does not indicate any one of these defendants has personal knowledge of him, of his alleged need for exercise, or of the alleged deprivation thereof.  To the extent plaintiff's claim against these defendants hinges upon their supervisory positions, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam* ).  Plaintiff has alleged no fact demonstrating personal involvement

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

by these officials and has alleged no fact showing any causal connection between the acts of defendants LIVINGSTON, HEATON, and/or MARTIN and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

If plaintiff bases his claim against LIVINGSTON, HEATON, and MARTIN on an alleged failure to follow TDCJ rules and regulations, the mere allegation that prison policies were not followed does not state a claim. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). Further, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division." The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim that these defendants "failed to comply with their own rec[reation] policy rules" fails to state a claim on which relief can be granted.

**Defendants ARNOLD, RICHERSON, JANUARY and MESSER**

Plaintiff identifies defendant ARNOLD as the Senior Warden, defendant RICHERSON as the Assistant Warden, defendant JANUARY as a Major, and defendant MESSER as the Chief of Classification, all at the Dalhart Unit. Plaintiff complains ARNOLD, RICHERSON, and

JANUARY "cancel[] outdoor rec[reation] continuously/denies out of cell exercise." He also claims defendant MESSER failed to properly house him in a single man cell, so he could exercise as needed. These claims can be read as attempting to state a claim of deliberate indifference to his serious medical need or as a conditions of confinement claim. The Court notes plaintiff's use of the word "continuously" appears to be an exaggeration, since his specific allegations indicate the cancellation can be characterized as, at most, frequent, but not continuous.

**CONDITIONS OF CONFINEMENT**

In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). While there is no static test to determine whether conditions of confinement are cruel and unusual, punishment rises to the level of an Eighth Amendment violation only if it involves an "'unnecessary and wanton infliction of pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).

A prisoner asserting a claim that conditions of confinement constituted cruel and unusual punishment must show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v.*

*Collins*, 27 F.3d 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

For an Eighth Amendment challenge to the conditions of a prisoner's confinement, the Court must consider the "totality" of the conditions to determine whether they violate "contemporary standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 2398-400, 69 L.Ed.2d 59 (1981)(in holding that "double-celling" is not unconstitutional, the Court looks at all conditions of confinement); *Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir. 1981)(*en banc*).

Deprivation of exercise is not a *per se* constitutional violation, but an extended deprivation of exercise opportunities may violate an inmate's right not to be subjected to cruel and unusual punishment. *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir. 1977) (deprivation of exercise not a *per se* constitutional violation but "may constitute an impairment of health forbidden under the eighth amendment"). To allege an Eighth Amendment claim that he was denied adequate recreation, plaintiff must allege facts showing (1) prison officials failed to provide him with adequate exercise opportunities and (2) that prison officials acted with deliberate indifference to a substantial risk of harm to his health and safety.

In an effort to obtain some factual specificity, the Court reviewed plaintiff's grievances attached to his complaint. The Court notes plaintiff has attached the grievances of many other inmates as well, but looks to plaintiff's own grievances to glean the facts of plaintiff's claim.

Plaintiff's October 6, 2013 Step 2 Grievance No. 2013195274 (docket entry #3, attachment #1, pages 44-45) shows he complains of the cancellation of 223 days during the period November 2011 through October 2013. Even if plaintiff was not able to exercise in the outdoor recreation yard for 223 out of 730 days in that two-year period, that apparently leaves 507 days in that two-year period. Further, although plaintiff may not be able to exercise in his cell at all times of the day or night, he does not allege he can never exercise in his cell. Even though he is double-celled, there are times when he should be able to exercise.

Plaintiff's claim appears to be premised on the assumption that he has an absolute right to outdoor exercise for every hour the inmate handbook states will be available for recreation for inmates of his classification. The constitutional requirement, however, is only that he not be confined for long periods without the opportunity for regular physical exercise. Plaintiff's complaint shows he was provided the opportunity for outside exercise more than two-thirds of the time and, on other days, could exercise some of the time in his cell.

Plaintiff has failed to allege facts to support an Eighth Amendment conditions of confinement claim on which relief can be granted.

In addition, as analyzed below, plaintiff has not shown any medical caregiver has determined his health or medical condition has suffered.

**DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEED**

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be

"manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Plaintiff refers to his exercise needs as "physical therapy" and the Court, drawing all inferences in favor of the plaintiff, will consider exercise to have been ordered by doctors to assist the management of plaintiff's pain from arthritis and other conditions.

To the extent plaintiff has informed prison officials that they should let him have the exercise privileges he requests because he feels it is optimal for the management of his back condition, no medical provider has declared the exercise regime plaintiff desires is necessary. Prison officials have no constitutional duty to believe an inmate's claims as to his medical condition as opposed to the findings of medical professionals. *See, e.g., Althouse v. Roe*, 542 F.Supp.2d 543 (E.D.Tex. 2008) (citing *Taylor v. McElvaney*, slip op.no. 1:01cv94 (N.D.Tex., Aug. 12, 2002)(unpublished) (available at 2002 WL 32138256)(no duty to believe inmate's allegations over officer's statement and medical record) (citations omitted)).

Plaintiff indicates his present doctor and those he has seen in the past have repeatedly refused his requests for a pass requiring that he be single-celled or allowed to exercise in the day room. Thus, plaintiff's allegations indicate his doctors, knowing of the time and place restrictions on his ability to exercise, do not feel he is being denied needed any medically-necessary physical therapy. Further, plaintiff does not allege any medical personnel have ever opined plaintiff has

suffered harm as a result of the restrictions on his opportunity to exercise.

Critically, plaintiff has not identified any facts known to the defendants from which they could draw the inference that the limitations on his opportunity to exercise have created a substantial risk to his health or safety. While plaintiff may feel he needs to be able to exercise at any time of the day or night, his allegations do not indicate medical personnel agree with him or that prison officials have any knowledge of that fact. While it might be easier for plaintiff if he were single-celled or could exercise in the dayroom at any time he felt he needed to, plaintiff has not alleged medical caregivers have said this is necessary or that not being able to do so has produced any harm.

The facts plaintiff has presented fail to state a claim of deliberate indifference to a serious medical need on which relief can be granted.

## CONCLUSION

Upon review, this lawsuit involves nothing more than a disagreement with the daily operations of the prison. Although plaintiff attempts to classify it as a denial of recreation, it is actually a complaint about the scheduling of recreation. Scheduling prison activities, assignment of prison guards and day-to-day operation of prisons are matters best left to prison administrators. *Wolff v. McDonnell,* 418 U.S. 539, 561-62, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)(state prison officials have wide discretion in the creation and enforcement of prison rules); *Le'Shiloh-Bryant v. Garner*, 997 F.2d 880 (5th Cir. 1993)(citing *Jackson v. Cain,* 864 F.2d 1235, 1249 (5th Cir.1989)(the day-to-day operation of prisons is left to the "broad discretion" of prison officials)).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights

Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff RODOLFO ORTEGA, JR., be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

IT IS SO RECOMMENDED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

ENTERED THIS 11th DAY OF APRIL, 2014.

_/s/ Clinton E. Averitte_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).